# UNITED STATES DISTRICT COURT

for the
Eastern District of Missouri

| | |
|---|---|
| **In the Matter of the Search of** ) | |
| Information associated with Instagram profile with ) | |
| username **9.r.9.c** that is stored at premises owned, ) | Case No. 4:23 MJ 9116 (RHH) |
| maintained, controlled, or operated by Instagram, LLC, a ) | |
| company that is owned by Meta Platforms, Inc., and ) SUBMITTED TO THE COURT AND | |
| headquartered in Menlo Park, California. )SIGNED BY RELIABLE ELECTRONIC MEANS | |
| ) | |

## APPLICATION FOR A SEARCH WARRANT

I,  __CHRIS DUKE__ , a federal law enforcement officer or an attorney for the government request
a search warrant and state under penalty of perjury that I have reason to believe that on the following property:

### SEE ATTACHMENT A

located in the  _____NORTHERN_____ District of ____CALIFORNIA____ , there is now concealed

### SEE ATTACHMENT B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ✓ evidence of a crime;
- ✓ contraband, fruits of crime, or other items illegally possessed;
- ✓ property designed for use, intended for use, or used in committing a crime;
- ❑ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| Title 21, U.S.C., § 959(a) | Conspiracy to distribute cocaine having reasonable cause to believe the cocaine will be imported into the U.S |

The application is based on these facts:

SEE ATTACHED AFFIDAVIT WHICH IS INCORPORATED HEREIN BY REFERENCE.

- ✓ Continued on the attached sheet.
- ❑ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested
under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

**I state under the penalty of perjury that the foregoing is true and correct.**

__/s/ Chris Duke__

CHRIS DUKE, Special Agent
Drug Enforcement Administration
*Printed name and title*

**Sworn to, attested to, and affirmed before me via reliable electronic means pursuant to Federal Rules of Criminal Procedure 4.1 and 41.**

Date:  ____June 28, 2023____

*Judge's signature*

City and State:  ___St. Louis, MO___

Rodney H. Holmes,  U.S. Magistrate Judge
*Printed name and title*
AUSA:  JAMES C. DELWORTH

## ATTACHMENT A

## Property to Be Searched

This warrant applies to information associated with the Instagram profile with username:

### 9.r.9.c

that is stored at premises owned, maintained, controlled, or operated by Instagram, LLC, a company that is owned by Meta Platforms, Inc. and headquartered in Menlo Park, California.



**ATTACHMENT B**

**Particular Things to be Seized**

**I.    Information to be disclosed by Instagram, LLC/Meta Platforms Inc.**

To the extent that the information described in Attachment A is within the possession, custody, or control of Instagram, LLC, including any messages, records, files, logs, or information that have been deleted but are still available to Instagram, LLC, or have been preserved pursuant to a request made under 18 U.S.C. § 2703(f), Instagram, LLC is required to disclose the following information, from **01/01/2023** to **06/28/2023**, to the government for each account listed in Attachment A:

a.    All identity and contact information, including full name, e-mail address, physical address (including city, state, and zip code), date of birth, phone numbers, gender, hometown, occupation, and other personal identifiers;

b.    All past and current usernames associated with the account;

c.    The dates and times at which the account and profile were created, and the Internet Protocol ("IP") address at the time of sign-up;

d.    All activity logs including IP logs and other documents showing the IP address, date, and time of each login to the account, as well as any other log file information;

e.    All information regarding the particular device or devices used to login to or access the account, including all device identifier information or cookie information, including all information about the particular device or devices used to access the account and the date and time of those accesses;

f.    All data and information associated with the profile page, including photographs, "bios," and profile backgrounds and themes;

g.    All communications or other messages sent or received by the account;

h.    All user content created, uploaded, or shared by the account, including any comments made by the account on photographs or other;

i.    All photographs and images in the user gallery for the account;

j.    All location data associated with the account, including geotags;

k.    All data and information that has been deleted by the user;

l.      A list of all of the people that the user follows on Instagram and all people who are following the user (*i.e.*, the user's "following" list and "followers" list), as well as any friends of the user;

m.     A list of all users that the account has "unfollowed" or blocked;

n.      All privacy and account settings;

o.      All records of searches performed by the account, including all past searches saved by the account;

p.      All information about connections between the account and third-party websites and applications; and,

q.      All records pertaining to communications between Instagram, LLC and any person regarding the user or the user's Instagram account, including contacts with support services, and all records of actions taken, including suspensions of the account.

**Instagram, LLC is hereby ordered to disclose the above information to the United States within 14 days of the date of this warrant.**

**II.    Information to be seized by the government**

All information described above in Section I that constitutes fruits, evidence and instrumentalities of violations of **Title 21, United States Code, Sections 959(a), 960 and 963 and Title 46 United Stats code, Sections 70503(a) and 70506(b)** involving **Ruben Dario CARBONE-Pallares** from 01/01/2023 to 06/22/2023, including, for each username identified on Attachment A, information pertaining to the following matters:

(a)    Evidence regarding the procurement, storage and/or ultimate shipment of controlled substances including cocaine from Colombia through the use of GFVs to either the United States or through Central America and/or the money utilized for obtaining the controlled substance including cocaine and/or proceeds from the distribution of controlled substances including cocaine;

(b)    Evidence indicating how and when the Instagram account was accessed or used, to determine the chronological and geographic context of account access, use, and

2

events relating to the crime under investigation and to the Instagram account owner;

(c) Evidence indicating the Instagram account owner's state of mind as it relates to the crime under investigation;

(d) The identity of the person(s) who created or used the user ID, including records that help reveal the whereabouts of such person(s).

(e) The identity of the person(s) who communicated with the user ID about matters relating to violations of Title 21, United States Code, Sections 959(a), 960 and 963 and Title 46, United States Code, Sections 70503 and 70506, including records that help reveal their whereabouts.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| IN THE MATTER OF THE SEARCH OF | ) | |
| INFORMATION ASSOCIATED WITH | ) | No. 4:23 MJ 9116 (RHH) |
| **9.r.9.c** THAT IS STORED AT PREMISES | ) | |
| CONTROLLED BY META PLATFORMS, | ) | |
| INC. | ) | FILED UNDER SEAL |
| | ) | |

### AFFIDAVIT IN SUPPORT OF
### AN APPLICATION FOR A SEARCH WARRANT

I, Chris Duke, a Special Agent with the Drug Enforcement Administration, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1.     I make this affidavit in support of an application for a search warrant pursuant to 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A) and Federal Criminal Procedure 41 for information associated with Instagram username **9.r.9.c** (the "subject account") that is stored at premises owned, maintained, controlled, or operated by Instagram a social-networking company owned by Meta Platforms, Inc. and headquartered in San Francisco, California. The information to be searched is described in the following paragraphs and in Attachment A. The requested warrant would require Instagram to disclose to the United States records and other information in its possession, including the contents of communications, pertaining to the subscriber or customer associated with the subject account as further described in Attachment B.

2.     I, Chris Duke, am a Special Agent with the Drug Enforcement Administration (DEA), duly appointed according to law and acting as such. I have been employed as a Special Agent since 2020 for the DEA. For the past two years, I have gained experience and undergone training in the investigation of narcotics trafficking organizations. During the course of my law

1

enforcement experience, specifically DEA, which specializes in narcotics investigations, I have participated in several complex domestic investigations involving drug trafficking organizations dealing in cocaine, methamphetamine, heroin, marijuana, and other controlled substances. Prior to my employment with the DEA, I was a police officer with the St. Charles Police Department for ten (10) years. Based on my training, experience, and participation in controlled substance investigations, I am familiar with the methods of operation of drug traffickers. I am familiar with and have used normal methods of investigation, including, but not limited to, visual surveillance, questioning of witnesses, the use of search and arrest warrants, the use of informants, the utilization of undercover agents and the use of court-authorized wire intercepts. I am also familiar with federal criminal laws, particularly those laws relating to narcotics. I am part of an experienced team of narcotics investigators that have participated in numerous drug trafficking investigations utilizing various investigative techniques. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

3.     Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that violations of **Title 21, United States Code, Sections 959(a), 960, and 963, and Title 46, United States Code, Sections 70503(a)(1) and 70506(b)** have been committed by **Ruben Dario CARBONE-Pallares.** There is also probable cause to search the information described in Attachment A for evidence of these crimes and contraband or fruits of these crimes, as described in Attachment B.

## LOCATION TO BE SEARCHED

4.     The location to be searched is:

2

Instagram username **9.r.9.c** (hereinafter referred to as "Subject Account(s)") located at an unknown address in Barranquilla, Colombia, further described in Attachment A. The items to be reviewed and seized by the United States are described in Attachment Part II of Attachment B.

## JURISDICTION

5.      This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711. 18 U.S.C. §§ 2703(a), (b)(1)(A), & (c)(1)(A). Specifically, the Court is "a district court of the United States . . . that has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).

## BACKGROUND RELATING TO INSTAGRAM

6.      The Internet is in part a computer communications network using interstate and foreign telephone and communication lines to transmit data streams, including data streams used to provide a means of communication from one computer to another and used to store, transfer and receive data and image files.

7.      An "Internet Protocol" (IP) address is a unique series of numbers, separated by a period, that identifies each computer using, or connected to, the Internet over a network. An IP address permits a computer (or other digital device) to communicate with other devices via the Internet. The IP addresses aids in identifying the location of digital devices that are connected to the Internet so that they can be differentiated from other devices. As a mailing address allows a sender to mail a letter, a remote computer uses an IP address to communicate with other computers.

8.      An "Internet Service Provider" (ISP) is an entity that provides access to the Internet to its subscribers.

3

9.     The term "remote computing service" means the provision to the public of computer storage or processing services by means of an electronic communications system.

10.    Instagram, LLC is a business and company that operates as a remote computing service, a provider of electronic communications services through ISPs.

11.    From my review of publicly available information provided by Instagram about its service, including Instagram's "Privacy Policy," I am aware of the following about Instagram and about the information collected and retained by Instagram.

12.    Instagram owns and operates a free-access social-networking website of the same name that can be accessed at http://www.instagram.com.  Instagram allows its users to create their own profile pages, which can include a short biography, a photo of themselves, and other information.  Users can access Instagram through the Instagram website or by using a special electronic application ("app") created by the company that allows users to access the service through a mobile device.

13.    Instagram permits users to post photos to their profiles on Instagram and otherwise share photos with others on Instagram, as well as certain other social-media services, including Flickr, Facebook, and Twitter.  When posting or sharing a photo on Instagram, a user can add to the photo: a caption; various "tags" that can be used to search for the photo (e.g., a user made add the tag #vw so that people interested in Volkswagen vehicles can search for and find the photo); location information; and other information.  A user can also apply a variety of "filters" or other visual effects that modify the look of the posted photos.  In addition, Instagram allows users to make comments on posted photos, including photos that the user posts or photos posted by other users of Instagram.  Users can also "like" photos.

4

14.    Upon creating an Instagram account, an Instagram user must create a unique Instagram username and an account password. This information is collected and maintained by Instagram.

15.    Instagram asks users to provide basic identity and contact information upon registration and also allows users to provide additional identity information for their user profile. This information may include the user's full name, e-mail addresses, and phone numbers, as well as potentially other personal information provided directly by the user to Instagram. Once an account is created, users may also adjust various privacy and account settings for the account on Instagram. Instagram collects and maintains this information.

16.    Instagram allows users to have "friends," which are other individuals with whom the user can share information without making the information public. Friends on Instagram may come from either contact lists maintained by the user, other third-party social media websites and information, or searches conducted by the user on Instagram profiles. Instagram collects and maintains this information.

17.    Instagram also allows users to "follow" another user, which means that they receive updates about posts made by the other user. Users may also "unfollow" users, that is, stop following them or block the, which prevents the blocked user from following that user.

18.    Instagram allow users to post and share various types of user content, including photos, videos, captions, comments, and other materials. Instagram collects and maintains user content that users post to Instagram or share through Instagram.

19.    Instagram users may send photos and videos to select individuals or groups via Instagram Direct. Information sent via Instagram Direct does not appear in a user's feed, search history, or profile.

20.    Users on Instagram may also search Instagram for other users or particular types of photos or other content.

21.    For each user, Instagram also collects and retains information, called "log file" information, every time a user requests access to Instagram, whether through a web page or through an app.  Among the log file information that Instagram's servers automatically record is the particular web requests, any Internet Protocol ("IP") address associated with the request, type of browser used, any referring/exit web pages and associated URLs, pages viewed, dates and times of access, and other information.

22.    Instagram also collects and maintains "cookies," which are small text files containing a string of numbers that are placed on a user's computer or mobile device and that allows Instagram to collect information about how a user uses Instagram.  For example, Instagram uses cookies to help users navigate between pages efficiently, to remember preferences, and to ensure advertisements are relevant to a user's interests.

23.    Instagram also collects information on the particular devices used to access Instagram.  In particular, Instagram may record "device identifiers," which includes data files and other information that may identify the particular electronic device that was used to access Instagram.

24.    Instagram also collects other data associated with user content.  For example, Instagram collects any "hashtags" associated with user content (i.e., keywords used), "geotags" that mark the location of a photo and which may include latitude and longitude information, comments on photos, and other information.

25.    Instagram also may communicate with the user, by email or otherwise.  Instagram collects and maintains copies of communications between Instagram and the user.

26.     As explained herein, information stored in connection with an Instagram account may provide crucial evidence of the "who, what, why, when, where, and how" of the criminal conduct under investigation, thus enabling the United States to establish and prove each element or alternatively, to exclude the innocent from further suspicion.  In my training and experience, an Instagram user's account activity, IP log, stored electronic communications, and other data retained by Instagram, can indicate who has used or controlled the Instagram account.  This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.  For example, profile contact information, direct messaging logs, shared photos and videos, and captions (and the data associated with the foregoing, such as geo-location, date and time) may be evidence of who used or controlled the Instagram account at a relevant time.  Further, Instagram account activity can show how and when the account was accessed or used.  For example, as described herein, Instagram logs the Internet Protocol (IP) addresses from which users access their accounts along with the time and date.  By determining the physical location associated with the logged IP addresses, investigators can understand the chronological and geographic context of the account access and use relating to the crime under investigation.   Such information allows investigators to understand the geographic and chronological context of Instagram access, use, and events relating to the crime under investigation.   Additionally, Instagram builds geo-location into some of its services.   Geo-location allows, for example, users to "tag" their location in posts and Instagram "friends" to locate each other.  This geographic and timeline information may tend to either inculpate or exculpate the Instagram account owner.  Last, Instagram account activity may provide relevant insight into the Instagram account owner's state of mind as it relates to the offense under investigation.  For example, information on the Instagram account may indicate the owner's

motive and intent to commit a crime (e.g., information indicating a plan to commit a crime), or consciousness of guilt (e.g., deleting account information in an effort to conceal evidence from law enforcement).

27.    Based on the information above, the computers of Instagram are likely to contain all the material described above with respect to the SUBJECT ACCOUNT, including stored electronic communications and information concerning subscribers and their use of Instagram, such as account access information, which would include information such as the IP addresses and devices used to access the account, as well as other account information that might be used to identify the actual user or users of the account at particular times.

## PROBABLE CAUSE

28.    DEA, in conjunction with Colombian authorities, have been involved in the investigation of an organization that is transporting large quantities of cocaine from the area of the Gulf of Uraba in Colombia by way of go-fast-vessels (GFV) to locations in Central America. This area is controlled by Clan De Golfo transnational criminal organization. Based upon the quantity, the route, and other factors, the cocaine is ultimately destined for the United States. The investigations have resulted in a number of seizures including 1,256 kilograms of cocaine on June 17, 2021, and 195 kilograms of cocaine on November 8, 2021.  The GFVs are vessels without nationality thus allowing prosecution in any district within the United States.  Title 46, Section 70502( c)(1).

29.    The seizures and investigation have resulted in an indictment and subsequent superseding indictment in the Eastern District of Missouri charging three subjects with conspiracy unlawfully distribute more than 5 kilograms of cocaine having reasonable cause to believe such cocaine would be unlawfully imported into the United States in violation of Title

8

21, United States Code, Section 959, 960 and 963 and possession with intent to distribute more than 5 kilograms of cocaine aboard a vessel subject to the jurisdiction of the United States in violation of Title 46, United States Code, Sections 70503(a)(1) and 70506(b).  S1-4:21CR00717 MTS. The investigation of the drug trafficking organization is ongoing.

30.     On April 25, 2023, Cartagena Resident Office (CRO) Group 1, Grupo de Inteligencia Naval (GRUIN-3) and Cuerpo Tecnico de Investigaciones (CTI) developed information regarding the pending departure of a GFV (go-fast vessel) from the area of the Gulf of Uraba, Colombia. CRO Group 1 had previously received information regarding pending GFV departures from Zapata (Antioquia), in the Gulf of Uraba area in Colombia. Units from the Colombian Guardacostas located the vessel, powered by 3 300 HP outboard engines, traveling 100 nautical miles northeast of the Gulf of Morrosquillo, Colombia at coordinates N 09°33,945′ – W 77°05,152. The Guardacostas (Colombian coast guard) were able to conduct a successful interdiction of the vessel resulting in the seizure of approximately 2,198 kilograms of cocaine, a 36-foot-long gray fiberglass boat powered by 3, 300 horsepower Yamaha engines, and the arrest of 4 Colombian Nationals.

31.     Additionally, on April 25, 2023, Grupo de Inteligencia Naval (GRUIN-3) and Cuerpo Tecnico de Investigaciones (CTI) developed information regarding the pending departure of an additional GFV from the area of the Zapata, Antioquia Colombia, with a destination of Limon, Honduras. CRO Group 1 had previously received information regarding pending GFV departures from the  DEA Country Office (CO) in Honduras (Tegucigalpa CO). Units from the Colombian Guardacostas located the vessel, powered by 4 300 HP outboard engine, traveling 93 nautical miles northwest of Gulfo Morrosquillo, Colombia at coordinates N 10 17 864 ′ W 77 17 00. The Guardacostas were able to conduct a successful interdiction of the vessel resulting in the

seizure of approximately 1911 kilograms of cocaine and the arrest of 4 Colombian Nationals and 1 Panamian National.

32.    On May 5, 2023, Cartagena Resident Office (CRO) Group 1, received information from a DEA Confidential Source[1] (hereinafter CS) regarding recent GFV seizures that departed near Turbo, Colombia, believed to be the two seized GFV which departed from Zapata, Colombia on April 25, 2023. Investigators previously identified Ruben Dario CARBONE-Pallares (hereinafter CARBONE-Pallares) as a major cocaine trafficker involved in dispatching GFVs from Turbo and La Guajira, Colombia loaded with multi-hundred-to-thousand kilogram quantities throughout the Caribbean, utilizing the assistance of corrupt Colombian Navy officials.

33.    The CS told investigators he/she communicated with CARBONE-Pallares on Instagram, via direct messaging, where CARBONE-Pallares told the CS that he (CARBONE-Pallares) recently lost large GFVs loaded with cocaine that had been dispatched near Turbo, Colombia[2]. The CS provided investigators with CARBONE-Pallares's Instagram profile name "9.r.9.c"[3] and the following communication with CARBONE-Pallares through Instagram, that consisted of text messages and audio messages from April 25, 2023[4]:

---

[1] The Confidential Source (CS) is a documented DEA source. The CS has no known criminal history and is cooperating for monetary compensation. The CS's information has been shown to be reliable in this investigation and the information provided by the CS pertaining to this investigation has been corroborated. No information has been derived by the DEA that would indicate the CS is providing false information in any manner.

[2] Investigators believe CARBONE-Pallares is referring to the above detailed GFV seizures from April 25, 2023.

[3] At the time the messages were provided to investigators by the CS, CARBONE-Pallares' Instagram username was "9.r.9.c". CARBONE-Pallares' Instagram profile was created in September 2015 and has 13 former usernames. Users can alter their Instagram usernames whenever they want, as many time as they want.

[4] The messages were translated from Spanish to English.

10

CS: Hey, was it your friend' thing that broke down yesterday?

CARBONE-Pallares: Yeah

CARBONE-Pallares: But he had done his job

CARBONE-Pallares: Everything firm about him

CARBONE-Pallares: It was the captain's mistake and what happened

Audio message from CARBONE-Pallares: The captain. How do you know it wasn't his, captain of the person you? He ignored the report he sent him. And they came out of the Gulf, all bacano came out bacano. E aí. Over there, how they shut up, how to listen to him. I mean, it wasn't my partner's fault.

CS: there hp

CARBONE-Pallares: Yes hand but hit another one before

CS: That's why I always say the same thing, the captains always screw up

Audio message from CARBONE-Pallares: Imagine if he fell, that's why. The same thing happens as through work. Delighted. Practically the choir. Capital/Capitan is a maneuver that I did not have to do there. That he has not said anything, my partner listened to me and. Takata. It fell, but about four days ago half a meter two in a row.

34.     Based upon my training and experience, I am aware that persons engaged in the illegal distribution of narcotics use cellular telephones, specifically applications, in furtherance of their drug-trafficking operations. According to the above-referenced circumstances, it is my opinion there is probable cause to believe the **subject account** is being used by CARBONE-Pallares in conspiring to commit, and directly committing, illegal narcotics distributions and the contents and data stored in the account are evidence of the illegal narcotics distribution. It is my further opinion that CARBONE-Pallares will continue to commit additional drug-related crimes through the **subject account**. Therefore, your affiant believes that the communication occurring over the **subject account** will not only significantly assist in gathering evidence in support of prosecution against CARBONE-Pallares but will assist in identifying additional DTO members.

11

## INFORMATION TO BE SEARCHED AND THINGS TO BE SEIZED

35.     I anticipate executing this warrant under the Electronic Communications Privacy Act, in particular 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A), by using the warrant to require Instagram to disclose to the United States copies of the records and other information (including the content of communications) particularly described in Section I of Attachment B. Upon receipt of the information described in Section I of Attachment B, United States-authorized persons will review that information to locate the items described in Section II of Attachment B.

## CONCLUSION

36.     Based on the forgoing, I request that the Court issue the proposed search warrant. The United States will execute this warrant by serving the warrant on Instagram.  Because the warrant will be served on Instagram, who will then compile the requested records at a time convenient to it, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night.

37.     Pursuant to 18 U.S.C. § 2703(g), the presence of a law enforcement officer is not required for the service or execution of this warrant.

38.     I further request that the Court order that all papers in support of this application, including the affidavit and warrant, be sealed until further order of the Court.  These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation.   Accordingly, there is good cause to seal these documents because their premature disclosure may give targets an opportunity to flee/continue flight from prosecution,

12

destroy or tamper with evidence, change patterns of behavior, notify confederates, or otherwise seriously jeopardize the investigation.

I state under the penalty of perjury that the foregoing is true and correct.

/s/ Chris Duke

Chris Duke
Special Agent
Drug Enforcement Administration

**Sworn to, attested to, and affirmed before me via reliable electronic means pursuant to Federal Rules of Criminal Procedure 4.1 and 41 this  28th  day of June, 2023.**

RODNEY H. HOLMES
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF MISSOURI

13

## ATTACHMENT A

### Property to Be Searched

This warrant applies to information associated with the Instagram profile with username:

### 9.r.9.c

that is stored at premises owned, maintained, controlled, or operated by Instagram, LLC, a company that is owned by Meta Platforms, Inc. and headquartered in Menlo Park, California.



**ATTACHMENT B**

**Particular Things to be Seized**

**I.     Information to be disclosed by Instagram, LLC/Meta Platforms Inc.**

To the extent that the information described in Attachment A is within the possession, custody, or control of Instagram, LLC, including any messages, records, files, logs, or information that have been deleted but are still available to Instagram, LLC, or have been preserved pursuant to a request made under 18 U.S.C. § 2703(f), Instagram, LLC is required to disclose the following information, from **01/01/2023** to **06/28/2023**, to the government for each account listed in Attachment A:

    a.    All identity and contact information, including full name, e-mail address, physical address (including city, state, and zip code), date of birth, phone numbers, gender, hometown, occupation, and other personal identifiers;

    b.    All past and current usernames associated with the account;

    c.    The dates and times at which the account and profile were created, and the Internet Protocol ("IP") address at the time of sign-up;

    d.    All activity logs including IP logs and other documents showing the IP address, date, and time of each login to the account, as well as any other log file information;

    e.    All information regarding the particular device or devices used to login to or access the account, including all device identifier information or cookie information, including all information about the particular device or devices used to access the account and the date and time of those accesses;

    f.    All data and information associated with the profile page, including photographs, "bios," and profile backgrounds and themes;

    g.    All communications or other messages sent or received by the account;

    h.    All user content created, uploaded, or shared by the account, including any comments made by the account on photographs or other;

    i.    All photographs and images in the user gallery for the account;

    j.    All location data associated with the account, including geotags;

    k.    All data and information that has been deleted by the user;

l.   A list of all of the people that the user follows on Instagram and all people who are following the user (*i.e.*, the user's "following" list and "followers" list), as well as any friends of the user;

m.   A list of all users that the account has "unfollowed" or blocked;

n.   All privacy and account settings;

o.   All records of searches performed by the account, including all past searches saved by the account;

p.   All information about connections between the account and third-party websites and applications; and,

q.   All records pertaining to communications between Instagram, LLC and any person regarding the user or the user's Instagram account, including contacts with support services, and all records of actions taken, including suspensions of the account.

**Instagram, LLC is hereby ordered to disclose the above information to the United States within 14 days of the date of this warrant.**

## II.   Information to be seized by the government

All information described above in Section I that constitutes fruits, evidence and instrumentalities of violations of **Title 21, United States Code, Sections 959(a), 960 and 963 and Title 46 United Stats code, Sections 70503(a) and 70506(b)** involving **Ruben Dario CARBONE-Pallares** from 01/01/2023 to 06/22/2023, including, for each username identified on Attachment A, information pertaining to the following matters:

(a) Evidence regarding the procurement, storage and/or ultimate shipment of controlled substances including cocaine from Colombia through the use of GFVs to either the United States or through Central America and/or the money utilized for obtaining the controlled substance including cocaine and/or proceeds from the distribution of controlled substances including cocaine;

(b) Evidence indicating how and when the Instagram account was accessed or used, to determine the chronological and geographic context of account access, use, and

2

events relating to the crime under investigation and to the Instagram account owner;

(c) Evidence indicating the Instagram account owner's state of mind as it relates to the crime under investigation;

(d) The identity of the person(s) who created or used the user ID, including records that help reveal the whereabouts of such person(s).

(e) The identity of the person(s) who communicated with the user ID about matters relating to violations of Title 21, United States Code, Sections 959(a), 960 and 963 and Title 46, United States Code, Sections 70503 and 70506, including records that help reveal their whereabouts.